BANK OF PASSAIC AND TRUST COMPANY, PETITIONER, v. COUNTY OF PASSAIC AND CITY OF PASSAIC, RESPONDENTS.

For the year 1946.

Decided September 23, 1947.

For the petitioner, *Riskin & Riskin* (by *Philip Riskin*).

For the City of Passaic, *Thomas E. Duffy.*

For the County of Passaic, *Nicholas Martini.*

KREAMER, COMMISSIONER. This is an appeal from the action of the Passaic County Board of Taxation in denying a deduction of the assessed value of certain real estate in ascertaining the value for taxation for the year 1946 of the shares of common stock of the petitioner, Bank of Passaic and Trust Company.

Our present Bank Stock Tax Act may be found in *R. S.* 54:9–1 to *R. S.* 54:9–18, inclusive; *N. J. S. A.* 54:9–1 to 54:9–18, inclusive. *R. S.* 54:9–4; *N. J. S. A.* 54:9–4 of that act provides, in part, as follows:

"The value of each share of common stock of each bank shall be ascertained and determined by adding the amount of its capital, surplus and undivided profits and deducting therefrom the assessed value of its real property * * * and by dividing the result by the number of its shares of common stock * * *."

*R. S.* 54:9-5; *N. J. S. A.* 54:9-5 (before its amendment by *Pamph. L.* 1946, *ch.* 146, *p.* 692, not applicable to this case) requires the chief fiscal officer of every bank to file with the Secretary of the County Board of Taxation on or before January 10th a statement under oath showing, among other things, the amount of its capital, surplus and undivided profits as the same are indicated on the books of the company on January 1st of the year in and for which the statement is filed, and the assessed value of its real property.

The effect of the foregoing two sections when read together is that the real estate, the assessed value of which the petitioner contends should be deducted, must have been "its" property, that is, property owned by the petitioner, as of January 1st, 1946.

The facts are undisputed. In December of 1945 the petitioner entered into a contract for the purchase of the real estate in question from the American Acceptance Corporation. No formal agreement was executed, the contract being evidenced by letters exchanged between the parties dated, December 18th and December 24th, 1945. No detailed terms were contained in the letters, reference being made solely to the price agreed upon and the date upon which all adjustments were to be based, namely, December 31st, 1945. Nothing was paid by petitioner on account of the purchase price until the closing of title, which closing took place on February 14th, 1946. The deed was dated and delivered on February 14th and recorded on February 15th.

Counsel for the petitioner argues that the "sole question at issue" is whether or not the bank had such ownership of said certain real estate as of January 1st, 1946, as to entitle it to the deduction of the assessed value of this real estate under *R. S.* 54:9-4; *N. J. S. A.* 54:9-4, above quoted. It is urged under well known principles of equity that the petitioner was the equitable owner of the title as of January 1st, 1946, by reason of the contract of purchase previously entered into, and therefore the real estate was "its" property and consequently the assessed value thereof deductible.

We have no doubt that an equitable title does satisfy the requirement of ownership contained in *R. S.* 54:9-4; *N. J.*

*S. A.* 54:9–4. Nevertheless the issue of ownership, as will appear, is not the sole consideration in a determination of the deductibility of the assessed value of this real estate.

In *Orange National Bank* v. *City of Orange, New Jersey Tax Reports,* 1912-34, *p.* 247; 42 *N. J. L. J.* 151, we held that a bank which had foreclosed on certain real estate and had placed the title in the name of a cashier who held in trust for it, thus constituting the bank as the equitable owner of the fee, was entitled to deduct the assessed value of the real estate. The decision, however, was based primarily upon the fact that the real property in question represented an investment of part of the capital, surplus and undivided profits of the bank, and that to deny the deduction merely because of the equitable nature of the fee would in effect subject the property to double taxation, which was what the statute was designed to avoid. In referring to what is now *R. S.* 54:9–4; *N. J. S. A.* 54:9–4, we stated;

"* * * The purpose and consequence of the provision is not to exempt the property from taxation, but apparently to prevent it from being taxed twice. The capital, surplus and undivided profits of the bank comprehend all of its real estate. In other words, this real estate represents an investment of part of the bank's capital, surplus and undivided profits. The value of this real estate was reported by the bank to the County Board and necessarily was taken into account in fixing the value of the shares of stock. * * *"

We further clearly indicated in this opinion that had the real estate not formed part of the assets of the bank so as to be reflected in the value of the shares, the deduction would not have been permitted, in spite of the fact that the property was owned by the bank within the meaning of what is now *R. S.* 54:9–4; *N. J. S. A.* 54:9–4. Again quoting from this opinion:

"If the petitioner did not carry the property in question as real estate of the bank, and if this real estate had not entered into the valuation of its shares, we should come to. a different conclusion. * * *"

Clearly, therefore, since the deduction provision in *R. S.* 54:9–4 was designed to prevent the double taxation of real

estate, that which was not included originally in the computation of the value of the taxable shares cannot be considered deductible.

A parity of reasoning was used in *City of Newark* v. *National Commercial, &c.,* 20 *N. J. Mis. R.* 205; 26 *Atl. Rep.* (*2d*) 252, in considering a very similar statute providing for the taxation of fire insurance companies and stock insurance companies. This statute, *Pamph. L.* 1918, *ch.* 236, § 307; *R. S.* 54:4–22; *N. J. S. A.* 54:4–22, since superseded by *Pamph. L.* 1938, *ch.* 245; *N. J. S. A.* 54:4–22, read in part as follows:

"Every fire insurance company and every stock insurance company other than life insurance, shall be assessed * * * upon the full amount of its capital stock paid in and accumulated surplus. The real estate belonging to every such corporation shall be taxed in the taxing district where situated, and the amount of assessment upon the real estate shall be deducted from the amount of any assessment made upon the capital stock and accumulated surplus. * * *"

In determining whether the assessed value of certain real estate was deductible, we held that "to allow a reduction in the company's assessment on account of property not entering into the determination of its capital stock and surplus" is in clear violation of the statute. See, also, *National Commercial, &c.,* v. *City of Newark,* 18 *N. J. Mis. R.* 186; 11 *Atl. Rep.* (*2d*) 759; affirmed, 125 *N. J. L.* 503; 16 *Atl. Rep.* (*2d*) 553.

It should therefore be perfectly apparent that the ownership of the real estate by the petitioner herein, whether that ownership be legal or equitable, is not the sole consideration involved in the issue of deductibility. There remains the further and more basic question of whether the realty represented an investment of part of the capital, surplus and undivided profits of the bank as of January 1st, 1946, so as to have been necessarily included in the computation of the value of the shares.

As already shown, the contract for the purchase of the property was entered into in December of 1945, but the petitioner did not pay the purchase price until February 14th, 1946, when title passed. Additionally, it appears that the

bank itself did not carry the property as real estate of the bank as of January 1st, 1946. In answer to a direct inquiry, counsel for the petitioner advised this body that the property was not listed in the statement required to be filed with the County Board of Taxation under *R. S.* 54:9–5; *N. J. S. A.* 54:9–5. The reason advanced for the omission was that the Commissioner of Banking and Insurance had not yet approved the transaction. But for whatever reason, the fact is that the property was not, nor could it have been under the circumstances of this case, considered an investment of part of the bank's capital, surplus and undivided profits.

For the reasons stated herein, the action of the Passaic County Board of Taxation in disallowing the assessed value of the real estate as a deduction is accordingly affirmed.